NOT DESIGNATED FOR PUBLICATION

No. 120,573

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHN JOSEPH MUFFOLETTO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; BRENDA M. CAMERON, judge. Opinion filed May 1, 2020. Sentence vacated and remanded with directions.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., GREEN and WARNER, JJ.

PER CURIAM: Under Kansas law, out-of-state convictions are categorized for criminal-history purposes as person or nonperson offenses. This determination is made by contrasting the crime of conviction with Kansas offenses to determine whether those offenses are "comparable." See K.S.A. 2018 Supp. 21-6811(e)(3). Based on this principle, John Muffoletto appeals the district court's ruling classifying two Texas convictions for abandoning or endangering a child as person felonies. Because the Texas statute giving rise to his convictions is broader than the Kansas offense the district court relied upon, we agree that the court erred in finding these offenses comparable. We

therefore reverse the district court's ruling, vacate Muffoletto's sentence, and remand for resentencing.

Muffoletto pleaded guilty to possession of methamphetamine. The presentence-investigation report identified two Texas convictions for abandoning a child, stemming from an incident in 1996. The report classified these convictions as person felonies. Over Muffoletto's objection, the district court accepted this classification at sentencing, concluding the Texas offense comparable to Kansas' crime of aggravated endangering a child. The court then sentenced him, based on a criminal-history score of A, to 37 months' imprisonment followed by 12 months' postrelease supervision. Muffoletto appeals.

Courts calculate a defendant's criminal-history score by examining where his or her prior convictions fall along two axes: whether the crime is a misdemeanor or a felony, and whether it is a person or nonperson crime. Out-of-state felony convictions are classified as felonies in Kansas. K.S.A. 2018 Supp. 21-6811(e)(2)(A). But the question whether a conviction was for a person or nonperson offense involves a more nuanced analysis. When Muffoletto pleaded guilty to and was sentenced for his current offense, courts decided the person/nonperson classification by determining whether there were "comparable offenses under the Kansas criminal code in effect on the date the current crime of conviction was committed." K.S.A. 2018 Supp. 21-6811(e)(3).

To be a comparable offense, "the elements of the out-of-state crime must be identical to, or narrower than, the elements of the Kansas crime to which it is being referenced." *State v. Wetrich*, 307 Kan. 552, Syl. ¶ 3, 412 P.3d 984 (2018). If no comparable Kansas offense exists, the crime must be classified as a nonperson offense. K.S.A. 2018 Supp. 21-6811(e)(3). The determination as to whether an out-of-state crime is comparable to a Kansas offense—which requires a comparison of the statutory

2

elements of each crime—is a question of law over which appellate courts have unlimited review. See *State v. Keel*, 302 Kan. 560, Syl. ¶ 4, 357 P.3d 251 (2015).

In 1996 and 1998, a Texas court convicted Muffoletto of abandoning or endangering a child. During that time, a person committed this Texas offense "if, having custody, care, or control of a child younger than 15 years, he intentionally abandons the child in any place under circumstances that expose the child to an unreasonable risk of harm." Tex. Penal Code Ann. § 22.041(b) (1993). The district court concluded this offense was comparable to the Kansas crime of aggravated endangering of a child, that is "[r]ecklessly causing or permitting a child under the age of 18 years to be placed in a situation in which the child's life, body or health is endangered." K.S.A. 2018 Supp. 21-5601(b)(1).

In reaching this conclusion, the district court focused on the "unreasonable risk of harm" language in the Texas statute, concluding this was in essence identical to the Kansas element of placing a child "in a situation in which the child's life, body or health is endangered." Muffoletto disagrees, arguing the Texas crime is broader than the Kansas offense because there may be situations where a child is exposed to an unreasonable risk of harm but where the child's life, body, or health is not *actually endangered*. We agree with Muffoletto.

Both the Texas and Kansas statutes have sections that criminalize exposing a child to an unreasonable risk of harm. Compare Tex. Penal Code Ann. § 22.041(b) (1993) with K.S.A. 2018 Supp. 21-5601(a). Both contain sections that criminalize exposing a child to actual or imminent danger. Compare Tex. Penal Code Ann. § 22.041(c) with K.S.A. 2018 Supp 21-5601(b)(1). These statutes demonstrate a legislative intent to treat individuals who place children in actual danger differently from those who place children in potential danger. See *State v. Martin*, No. 110,556, 2015 WL 5224697, at *9 (Kan. App. 2015) (unpublished opinion), *rev. denied* 305 Kan. 1256 (2016); *Castillo v. State*, No. 08-04-

00377-CR, 2006 WL 1710062, at *5 (Tex. App. 2006) (unpublished opinion). Exposing a child to a risk of harm is broader than exposing a child to actual harm.

The district court and the parties only compared the scope of the Texas statute to K.S.A. 2018 Supp. 21-5601(b)(1). We similarly limit our review to that comparison. As the "unreasonable risk of harm" provision under Tex. Penal Code Ann. § 22.041(b) (1993) is broader than the "is endangered" language under K.S.A. 2018 Supp. 21-5601(b)(1), the district court erred in classifying Muffoletto's Texas offense as a person felony. See *Wetrich*, 307 Kan. at 564. We reverse the district court's decision, vacate Muffoletto's sentence, and remand the case for resentencing.

Sentence vacated and remanded for resentencing.